UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TWIN CITY PIPE TRADES SERVICE ASSOCIATION, INC.,

CIVIL NO. 00-657 (DSD/JMM)

Plaintiff,

v.

ORDER

BUDGET PLUMBING CORPORATION,

Defendant.

The above matter came on for hearing before the undersigned on May 2, 2001 upon Plaintiff's Petition for an Order to Show Cause Why Disobedient Parties Should not be Punished for Contempt [Docket No. 12]. William A. Cumming, Esq. appeared on behalf of Plaintiff. There were no other appearances.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

FINDINGS OF FACT:

1. On June 2, 2000, default judgment was entered against Defendant and the District Court ordered in relevant part:

a) "that Plaintiff Twin City Pipe Trades Service Association have and recover from Defendant Budget [Budget Plumbing Corporation], the amount of $4,228.53, which represents $3,117.60 of unpaid fringe benefit contributions and liquidated damages, $230.97 in interest, and $870.00 for reasonable costs and attorneys' fees."

FILED JUN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

b) "that Defendant Budget is enjoined and required to post a bond in favor of Plaintiff Twin City Pipe Trades Service Association, approved by the Service Association Board, or deposit cash, in the amount of $51,000.00, conditioned and sufficient to pay all the benefit payments due for a period of at least three (3) months in advance."

c) "that Defendant Budget is further permanently enjoined and required to make its benefit contributions once a week not later than three (3) working days, excluding Saturday, Sunday, and holidays, after the close of the weekly period for which contributions are due."

2. Counsel for Plaintiff, William A. Cumming, states by affidavit that he served Defendant with the Order by mail on June 2, 2000.

3. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, Plaintiff collected the amounts due pursuant to the Judgment entered against Defendant, however, Plaintiff asserts that Defendant has failed to abide by the Court's injunction such that Plaintiff has not received the bond or weekly fringe benefit reports and contributions from Defendant.

4. Counsel for Plaintiff, Mr. Cumming, states in his affidavit that, based on his communications with Mr. Tom Muralt, Mr. Muralt has been "at all material times" the president of Budget Plumbing Corporation.

5. As President of Defendant Budget Plumbing Corporation, Mr. Tom Muralt is bound by the Order granting an injunction as an officer, agent, servant, or employee of Defendant pursuant to Rule 65(d) of the Federal Rules of Civil Procedure.

THEREFORE, IT IS HEREBY ORDERED:

1. Defendant and Mr. Tom Muralt shall appear personally before District Court Judge David S. Doty on June 29, 2001 at 10:30 a.m., and show cause, if there be any, why they should not be adjudged guilty of contempt of court by reason of the facts certified above.

2. Defendant and Mr. Muralt may submit to the District Court written memoranda of law and affidavits no later than June 22, 2001.

3. A copy of this Order shall be personally served on Defendant and Mr. Tom Muralt no later than June 14, 2001, by any other person authorized to effect service of process.

Dated: June 8, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

It appearing that the June 2, 2000 Order of the District Court has not been complied with, an Order that Defendant and Tom Muralt, appear before the District Court to show cause why should not be adjudged in contempt is justified in this case. See Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 505-507 (8th Cir. 2000)(civil contempt may be employed either to coerce a defendant into compliance with a court order or to compensate the complainant for losses sustained, or both)("It is well settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it").